CHARLES M. SMITH, APPELLANT, V. PETER G. HOFELDT ET AL., APPELLEES.[*]

FILED JUNE 7, 1907. No. 14,762.

1. **Villages:** SIDEWALKS: GRADING. Power given to villages by statute prior to the 1903 amendment to require the construction of sidewalks did not include the power to require the lot owner to reduce the sidewalk space to the established grade.

2. ——:  ——:  ——. Prior to 1903, before a village could, by notice, require a lot owner to construct a sidewalk to grade upon an improved street, it must perform its duty by reducing the sidewalk space to the established grade.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed with directions.*

*H. W. Pennock,* for appellant.

*H. P. Leavitt* and *W. W. Slabaugh, contra.*

EPPERSON, C.

In the lower court, plaintiff sought to enjoin the levy and collection of a special assessment to pay the cost of constructing artificial stone sidewalks in front of his

* Rehearing pending.

property in the village of Dundee, and the cost of reducing the sidewalk space to the established street grade. Subdivision IV, sec. 69, art. I, ch. 14, Comp. St. 1901, which was in force at the time the improvements in controversy were made, delegates to villages the power "to construct sidewalks, to curb, pave, gravel, macadamize, and gutter any highway or alley therein, and to levy a special tax on the lots and parcels of land fronting on such highway or alley, to pay the expenses of such improvement." Subdivision III empowers the village to provide for the grading of streets, and said village shall defray the expense thereof out of the general fund of such village. The streets upon which plaintiff's property abutted had been reduced to the established grade between curb lines only. The sidewalk space had not been reduced until after the sidewalk had been ordered. To construct the walk at grade, the authorities reduced the sidewalk space, and included the expense thereof in the amount they attempt to assess against the plaintiff's property. The district court granted an injunction as respects the cost of reducing the sidewalk space to grade, but denied it with respect to the cost of constructing the walk. Both parties appeal.

By reason of the statutory provision that the expense of grading a street shall be paid out of the general fund, the question is suggested: "Is the sidewalk space a part of the street?" We think it is. Indeed, we have no doubt of it. The very language of subdivision IV, *supra,* indicates that the sidewalks contemplated by the legislature should be constructed in the street, and not upon the abutting lots. "The term street in ordinary legal signification includes all parts of the way, the roadway, the gutters and the sidewalks." Elliott, Roads and Streets (2d ed.), sec. 20, and cases cited in note 2; 2 Dillon, Municipal Corporations (3d ed.), sec. 1008. There are cases in which the word "street" is intended to mean only a part of the highway, but the necessity for drawing a distinction does not exist here.

Defendants contend that the grading is incident to the construction of the sidewalk, and therefore the expense is properly chargeable to the property. With confidence they cite *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, where it is held in the fifteenth paragraph of the syllabus: "Where a city engages in the work of paving its streets, and, as a part of the general improvement, grading is done in order to accomplish the main object, *held,* that the cost of grading, being a part of the general improvement, is properly charged as being incidental to, and a part of, the work of paving, and that special assessments against a street railway company for the cost of paving its right of way may properly include the cost of grading also, the grading being incidental and necessary to accomplish the main object of grading the street." We do not doubt the rule there announced, nor do we doubt that the grading in the case at bar was necessary to place the proposed walk upon the street level. But was the grading an incident to the improvement which the village was empowered to require of the plaintiff? In the proper construction of artificial stone walks upon the surface of the ground, or upon the street after it is reduced to grade, a certain amount of excavating is necessary to form a foundation for the structure. Such excavating or grading is incident to the sidewalk itself. A removal of earth is necessary for the construction of a surface walk, and such grading the abutting owner may be required to do or be subject to taxation therefor. Grading of this character only is contemplated in *Lincoln Street R. Co. v. City of Lincoln, supra.* In the opinion therein we find the following: "In a case where the improvement consists only of bringing the street to an established grade, some doubt would probably arise as to authority to require a street railway company to pay the cost of such grading as to its right of way under the provisions of the statute authorizing the levy of costs and expenses of paving, as in the case at bar. * * * We understand the general rule to be that where there is a requirement to pay the cost of paving, as mentioned in the

statute, by such requirement there is included and con-
templated all incidental work necessary and required to
accomplish the main object, and that the cost of grading,
when done as a part of the general paving improvement, is
properly assessed as a part of the cost of such paving in
contemplation of the statute." It was sought to charge the
street railway company only with the grading necessary
to pave a part of the street. The question of reducing the
street to an established grade was foreign to the case. In
*Little Rock v. Fitzgerald,* 28 L. R. A. 496 (59 Ark. 494),
wherein the facts were very similar to the facts herein,
arising under similar statutes and ordinances, it was held:
"The power to require grading for sidewalks is not in-
cluded in the statutory power to require lot owners to
build and maintain sidewalks." See, also, note 28 L. R.
A. 496. We are satisfied that our legislature, prior to
amendments made in 1903, never intended that the expense
of reducing streets to grade should be assessed to the
property owners. Quite the opposite intention appears in
subdivision III, *supra.*

The legality of the levy to pay the expense of construct-
ing the sidewalk is also questioned. In conformity with
the statutes, the village of Dundee had passed an ordinance
authorizing the village board to cause artificial stone side-
walks to be constructed along permanently improved
streets, but none other. On September 16, 1902, a notice
was served upon the plaintiff to require him to construct
the proposed walk, which the ordinance provided should
rise one inch in three feet from the curb; in other words
requiring the walk substantially on the street level. At
that time the village authorities had not reduced the side-
walk space to the established grade, nor had they done so
within the time fixed in the notice to plaintiff. The plain-
tiff failing to comply with the notice, the village authorities
graded for and constructed the walk. Had plaintiff at-
tempted to comply with the notice, he could not have done
so without going to great expense in the grading of the
sidewalk space, which as above shown was not required

of him, and which cost the village $212. He was entitled to a notice after the village had done its part in improving the street.

The district court was in error in refusing the plaintiff all the relief he asked, and we recommend that the judgment be reversed and the cause remanded, with directions to grant the injunction.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to grant the injunction as prayed.

REVERSED.