CHARLES M. SMITH, APPELLANT, V. PETER G. HOFELDT ET
AL., APPELLEES.

FILED APRIL 13, 1908.   No. 14,762.

1. **Cities: IMPROVEMENTS: LIENS.** Plaintiff was the owner of a number
of lots in the village of Dundee, a suburb of the City of Omaha.
The village board ordered the construction of sidewalks, giving
the required notice by publication; the plaintiff being a non-
resident. At the expiration of the time fixed in the notice, the
village, by its contractor, constructed the walks, first completing
a small portion of the necessary grading. The grading and con-
struction of the sidewalks were practically concurrent acts. The
tax for each was duly certified to the county officers for col-
lection. Plaintiff enjoined their collection. *Held,* That the tax
for the construction of the sidewalk was a lien upon the prop-
erty abutting on the walk.

2. **Former Opinion Modified.** The holding and decision in this case
on a former hearing (79 Neb. 276) modified.

3. **Affirmance.** The decree of the district court is in all things af-
firmed.

REHEARING of case reported in 79 Neb. 276. *Former
judgment vacated in part and judgment of district court
affirmed.*

REESE, C. J.

This case was argued and submitted upon a rehearing.
The opinion reversing the decree of the district court was
filed June 7, 1907, and is reported in 79 Neb. 276. The
facts and issues involved are stated in that opinion and
need not be restated here. The action was for an injunc-
tion restraining the officers of the village of Dundee and
the proper officers of the county from enforcing a tax
levied upon certain lots to defray the expenses of grading
the sidewalk space and constructing the sidewalk thereon.
The result of the trial in the district court was a decree
enjoining the tax for grading the sidewalk space, but dis-
missing the suit as to the cost of the construction of the

sidewalk. The cost of regrading the sidewalk space upon all the lots was $212.85, and for laying the sidewalks, with $1 upon each lot for the notice, etc., was $372.60. It is contended by defendants that the cost of regrading the sidewalk space should be taxed to the lots for the reason that the street had formerly been graded from lot line to lot line, which included the sidewalk space, and that the only grading required before the sidewalk could be laid was made necessary by the washing and falling of earth from the walls or sides of the excavation, all of which was from plaintiff's lots, and that, had he prevented the wash and caving in, as was his legal duty, no grading of the space would have been necessary, except for the removal of the loose soil and debris which had accumulated through the fault of, or lack of attention by, plaintiff. There would be some degree of force in this contention were there no question as to the facts. However, there was sufficient evidence submitted to the district court upon which to base a finding that a part at least of the grading required was not of the character named, but was of earth which had not been previously removed. Such being the case, we cannot interefere with that portion of the decree of the district court, and, to that extent, our former decision is adhered to.

Upon further investigation we are of the opinion that the decree of the district court, holding the tax to the extent of the cost of the construction of the sidewalk to be a valid lien upon the lots in front of which the sidewalks were severally constructed, was correct, and that, to that extent, our former holding should be modified. The ordinance under which the trustees ordered the construction of the sidewalk required that, if the owner of the lot in front of which the sidewalk was to be constructed was known and a resident of the village of Dundee, a personal notice should be served upon him or left at his residence 15 days before the construction of the walk, and that, if the walk was not constructed within the time named, the village contractor should do the work. In case the resi-

dence of the owner should not be known or he had no
fixed place of residence, service might be made by one
publication in a newspaper of general circulation in the
county. This was done. It is claimed that plaintiff
should have been allowed sufficient time after the side-
walk space was graded in which to construct the side-
walk. It appears that, after the expiration of the 15
days' notice, the sidewalk space was prepared by removing
the loose or washed earth, and, where necessary, the com-
pletion of the grading, when the sidewalk was laid with-
out further delay. Were it not that the district court
found that the removal of what is termed "native earth"
constituted a part of the grading, we should hesitate to.
declare the tax illegal owing to the fact that the earth in
its original and natural condition constituted such a
small portion of the grading* necessary to be done, the
greater portion being the removal of the washed or caved
in earth. But, allowing that part of the decree to stand,
we are far from concluding that the condition of the side-
walk space required further delay before it became the
duty of the plaintiff to construct the walks. Plaintiff
was not a resident of Dundee nor of the state, his home
being in Rockford, in the state of Illinois. We find no
proof that he was at Dundee, either by himself or agent,
for the purpose of constructing the walks. It is quite
probable that no notice was necessary as to him, but, if
such notice was necessary, it was certainly sufficient to au-
thorize the construction of the walk upon his failure to do
so. Under any condition shown there are no equities in
his favor. He has profited by the sidewalk; it also tends
to increase the value of his property, and there is no
justice in allowing him to escape the expense thereof
upon the mere technicality that the walk was laid a few
days before it might have been done, had he presented
himself and done the work.

It follows that the part of our former judgment making
the injunction restraining the collection of the sidewalk

tax perpetual must be vacated, and the decree of the district court affirmed, which is done.

JUDGMENT ACCORDINGLY.

LETTON, J., dissenting.

I am not inclined to recede from the position taken in the former opinion. The ordinances required that, upon the passage and publication of an ordinance ordering the construction or repair of any sidewalk, it should be the duty of the overseer of the streets to serve upon the owner of the abutting premises, "if such owner is known and is a resident of the village of Dundee," a notice, stating that, after the expiration of 15 days from the service of such a notice, the sidewalk ordered to be constructed, unless previously constructed by the owner according to specification required by the ordinance, will be constructed by the contractor having the contract for that class of work, and that the cost thereof will be assessed upon the property described. Section 10 provides for service of notice at the usual place of residence, "providing that, whenever any owner or owners of any such property are not known or have no fixed place of residence, service of such notice may be made by publication at least once in some newspaper of general circulation in Douglas county, Nebraska. An affidavit of service of publication of each of said notices with a copy thereof shall forthwith be made and filed with the village clerk and by him be preserved." Section 11 makes it the duty of every owner to construct the sidewalk within 15 days from the publication of the notice. Section 12 provides that, if, after 15 days from the publication of the notice, the owner shall fail, neglect or refuse to repair or construct the same, the overseer of streets shall cause same to be constructed. Ordinance 55 of the village specifically directed permanent sidewalks of artificial stone to be constructed in front of plaintiffs' property within 15 days from the publication of the notice, upon the failure of the owner to construct the same.

The testimony shows that at no time during the 15 days was it possible for plaintiff to construct a permanent walk as directed, for the reason that at the time the street had not been brought to grade, and that the contractor was obliged to remove 665 cubic yards of earth along the sidewalk space before it was brought to grade.

The evidence further shows that the street itself was not "permanently improved" at the time this order was made, the grading in the roadway being only partially done at this time. It is only upon streets which are permanently improved that the village authorities are authorized to require the construction of a permanent sidewalk. Neither sidewalk space nor roadway being graded so that the street was permanently improved at that time, the notice was prematurely given, and the board was without power to assess the cost of the walk to the owner.

I think the former opinion should be adhered to.

BARNES, J., concurs in the dissenting opinion.